IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| LINDA S. BURIAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 2:04-CV-167 |
| | ) | |
| CHIEF ROBERT HUFFMAN, | ) | |
| JUDGE PAUL BALDONI, and | ) | |
| LaPorte COUNTY GOVERNMENT | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND OPINION

This matter is before the Court on: (1) Defendant Judge Paul Baldoni's Motion for Summary Judgment, filed by Defendant, Judge Paul Baldoni, on June 29, 2004; and (2) Defendants Huffman and LaPorte County Government's Motion for Summary Judgment, filed by Defendants, Robert Huffman and LaPorte County Government, on June 28, 2005.  For the reasons set forth below, both motions are **GRANTED**.  The Clerk is **ORDERED** to **DISMISS WITH PREJUDICE** Plaintiff's Title VII claim for retaliatory discharge and Plaintiff's claim for sexual harassment hostile work environment.  The Clerk is **FURTHER ORDERED** to **CLOSE THIS CASE**.

BACKGROUND

Plaintiff, Linda S. Burian, was employed as a secretary in the

probation department by the LaPorte County Government.  She was terminated by Judge Baldoni on May 28, 2003.  Plaintiff's lawsuit stems from this discharge, as well as incidents during her employment involving another probation officer, Robert Huffman.

In her amended complaint, Plaintiff alleges she was "repeatedly victimized for filing an in office sexual harassment/stalking complaint."  (Am. Compl., § III.)  Further, Plaintiff alleges that "[m]y excellent work habits have been slandered."  (*Id*.)  Plaintiff additionally sets forth actions taken by Huffman of alleged sexual harassment.  The claims were brought pursuant to Title VII of the Civil Rights Act of 1964.  (Am. Compl., § II.)  Although Plaintiff's claims are somewhat nebulous, having considered the amended complaint and the Equal Employment Opportunity Commission ("EEOC") charge of discrimination (attached to the complaint), this Court considers Plaintiff to have stated claims for hostile environment sexual harassment and retaliatory discharge.  The issues in this case have been fully briefed and are ripe for adjudication.

DISCUSSION

The standards that generally govern summary judgment motions are familiar.  Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate only if it is demonstrated that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  *See Nebraska*

-2-

*v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  In other words, the record must reveal that no reasonable jury could find for the nonmovant.  *Karazanos v. Navistar Int'l Transp. Corp.*, 948 F.2d 332, 335 (7th Cir. 1991); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In deciding a motion for summary judgment, a court must view all facts in the light most favorable to the nonmovant.  *Anderson*, 477 U.S. at 255; *NUCOR Corp. v. Aceros Y Maquilas De Occidente, S.A. De C.V.*, 28 F.3d 572, 583 (7th Cir. 1994).

   The burden is upon the movant to identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which [the movant] believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)).  Once the movant has met this burden, the nonmovant "may not rest upon mere allegations but "must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); *Becker v. Tenenbaum-Hill Assocs., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990); *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir. 1989).  "Whether a fact is material depends on the substantive law underlying a particular claim and 'only disputes over facts that *might affect the outcome* of the suit under governing law will properly preclude the entry of summary judgment.'" *Walter v. Fiorenzo*, 840 F.2d 427, 434 (7th Cir. 1988) (emphasis in original) (quoting *Anderson*, 477

U.S. at 242).

"[A] party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a *genuine* issue of material fact which requires trial." *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir. 1988) (emphasis in original); *see also Hickey v. A.E. Staley Mfg. Co.*, 995 F.2d 1385, 1391 (7th Cir. 1993). Therefore, if a party fails to establish the existence of an essential element on which the party bears the burden of proof at trial, summary judgment will be appropriate. In this situation, there can be "'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c).

The Court recognizes that summary judgment is often inappropriate in discrimination cases because intent, therefore credibility, is often a critical issue. While the Court approaches the question of summary judgment with "special caution" in discrimination cases, "if a plaintiff in a discrimination case is unable to present any evidence to create a genuine issue as to whether the defendant's articulated reason for the firing is the real reason, then summary judgment will be appropriate." *McMillian v. Svetanoff*, 878 F.2d 186, 188-89 (7th Cir. 1989).

The Court acknowledges that Burian is a pro se Plaintiff and

recognizes that the briefs of pro se litigants need not be held to the same standard as those by counseled litigants. *See Glick v. Gutbrod*, 782 F.2d 754, 755 n.1 (7th Cir. 1986) (stating pro se litigant's briefs may be held to a lower standard than those prepared by counsel). However, it is not this Court's obligation to do Burian's research or make arguments for her. *United States v. Smith*, 26 F.3d 739, 743 (7th Cir. 1994) (courts need not research and construct legal arguments for parties).

Undisputed Facts

Defendants have set forth detailed statements of undisputed material facts and genuine issues. Plaintiff has responded to Defendants' statements of fact in a cursory manner (without including the requisite citations to the record), and she has made factual allegations in her complaint. The undisputed facts are set forth below, and the Court will attempt to note other relevant facts that the parties do dispute.

Burian was employed by LaPorte County as a secretary from May 2001, to May 28, 2003. Burian was a secretary for the LaPorte Superior Court 3 probation department. She was hired by Defendant Judge Baldoni.

Shortly after Plaintiff was hired, Plaintiff claims that one of the probation officers, Robert Huffman, continuously stared at her from his desk. According to Burian, Huffman complimented her on her

appearance and clothing, making comments such as her clothes were pretty, and that she looked nice.  Further, Plaintiff claims that about three months after she commenced her employment with the County, Huffman began touching her on her shoulders when they were in tight quarters near the copy machine and placing his hand on the middle of her back when using the scanner.  Huffman appeared, uninvited, at Burian's home on three occasions, and once at her second job.

Plaintiff never mentioned any of Huffman's behavior to Judge Baldoni, but she did finally confront Huffman about the touching in June of 2002.  Huffman's touching ceased after Burian confronted him about what Burian characterized in her deposition as "mistaken" touching.  (Burian Dep., pp. 68-70.)

In September of 2002, Plaintiff was given a formal warning from the current Chief Probation Officer because Burian raised her voice at probationers.  Several months later, in May 2003, Huffman was appointed the position of Chief Probation Officer. Plaintiff disputes whether she was aware that Huffman was her supervisor at this time, claiming that Judge Baldoni was her supervisor.  (Resp. to Def. Judge Baldoni's Mot. for Summ. J., p. 1.)

Burian alleged in her amended complaint that Huffman created chaos by having furniture delivered on a day when court was in session and the floor was under construction.  Plaintiff admittedly commented to other staff members and outsiders about how Huffman's actions were stupid.  Two days later, Huffman asked her to come inside his office

-6-

so he could discuss the incident with her, but Burian refused. (Burian Dep., pp. 128-30.)  Huffman then informed Burian she was suspended for two days because of her insubordination. (Burian Dep., p. 131.)

On May 21, 2003, Judge Baldoni wrote a memorandum to Burian advising her that Huffman, as Chief Probation Officer, was her supervisor and she was to follow his direction. (Baldoni Decl., ¶ 7.) Due to her insubordination, Burian was suspended for two days on that same date.  (*Id*. ¶ 8.)  Following the receipt of her suspension, Burian told Huffman that it would give her just enough time to get an attorney and sue him for sexual harassment.  (Burian Dep., p. 131.)

While Plaintiff was on leave for her suspension, on May 22, 2003, she wrote a letter to the LaPorte County Human Resources Department alleging that Huffman had sexually harassed her.  When Plaintiff returned to work on May 27, 2003, she continued to be insubordinate and not accept Huffman's supervisory role. (Baldoni Decl. ¶ 10.)  As a result of Plaintiff's insubordination, Judge Baldoni terminated Burian's employment on May 28, 2003.  (*Id*. ¶ 11.)

Judge Baldoni does not recall whether he was aware of Plaintiff's sexual harassment complaint at the time he terminated Plaintiff's employment with LaPorte County.  Judge Baldoni claims that Burian's termination was the result of her insubordination and not motivated by any claim of sexual harassment by Plaintiff.

Plaintiff filed a charge of discrimination with the EEOC on

October 15, 2003, and was issued a notice of her right to sue on January 27, 2004.  Plaintiff brought suit against Huffman and the LaPorte County Government for hostile environment sexual harassment. Plaintiff also claims Judge Baldoni terminated her employment in retaliation for her filing a sexual harassment complaint.

<u>Hostile Environment</u>

Burian claims that Huffman sexually harassed her, thereby creating a hostile work environment.  The Supreme Court has made clear that Title VII prohibits subjecting people to discriminatorily hostile or abusive work environments.  *See Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57 (1986).  "[A] plaintiff may establish a violation of Title VII by proving that discrimination based on sex has created a hostile or abusive work environment."  *Moser v. Indiana Dep't of Corrections*, 406 F.3d 895, 902 (7th Cir. 2005) (quoting *Cowan v. Prudential Ins. Co. of America*, 141 F.3d 751, 755 (7th Cir. 1998)).  To succeed on her claim, Burian must establish that:

> (1) she was subject to unwelcome harassment; (2) the harassment was based on her sex; (3) the harassment was sufficiently severe or pervasive so as to alter the conditions of her employment and create a hostile or abusive atmosphere; and (4) there is a basis for employer liability.

*Racicot v. Wal-Mart Stores, Inc.*, 414 F.3d 675, 677 (7th Cir. 2005)(citing *Cooper-Schut v. Visteon Auto. Sys.*, 361 F.3d 421, 426 (7th Cir. 2004)).  Although the memorandum in support of Defendants Huffman and LaPorte County Government's motion for summary judgment

-8-

consists almost entirely of citations to depositions and contains sparse legal argument, it appears that Defendants dispute issue number three, whether the harassment was sufficiently severe or pervasive.

A hostile work environment is one that is both objectively and subjectively offensive. *Racicot*, 414 F.3d at 677 (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 778 (1998)). The offensiveness of a plaintiff's work environment is determined by examining all of the circumstances, such as the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Saxton v. American Tel. & Tel. Co.*, 10 F.3d 526, 534 (7th Cir. 1993). The factors are evaluated from both an objective and a subjective viewpoint:

> Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment – an environment that a reasonable person would find hostile or abusive - is beyond Title VII's purview. Likewise, if the victim does not subjectively perceive the environment to be abusive, the conduct has not actually altered the conditions of the victim's employment, and there is not a Title VII violation.

*Id.* (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21-22 (1993)).

In this case, Burian claims that Huffman stared at her (Burian's Dep., p. 60), complimented her appearance (Resp. to Def. Judge Paul Baldoni's Mot. for Summ. J., ¶ 8), touched her on her back and brushed up against her (Am. Comp., IV), asked which grocery store her daughter

-9-

was employed by (*Id.*), talked to her at a party with coworkers (5/23/03 correspondence from Plaintiff to Human Resources Director), visited her house on three instances (Burian's Dep., pp. 88-90, 92-96, 100-08), and stopped by her other place of employment (*Id.*, pp. 111-16.)  Yet Plaintiff's own deposition testimony shows that these actions were not sufficiently severe or pervasive.

Regarding the staring, Plaintiff concedes that it did not interfere with her work, and that due to the office layout, she and Huffman could see each other when seated at their desks and it was possible that if Huffman was looking at a document or out the door, he might be looking in her direction.  (Burian's Dep., pp. 60, 63-64.)  Although Burian felt the touching was sexual harassment, she did not initially say anything to Huffman or anyone else, and when she finally did, the "mistaken" touching stopped.  (Burian's Dep., pp. 68-73.)  Regarding the party, Burian stated in her deposition that she exchanged pleasantries with Huffman.  (Burian's Dep., pp. 78-79, 83-84, 86-87.)

Concerning the first visit to her house, Burian admitted that Huffman came to provide her with a bank deposit slip, he did not ask to come in to the house, he was only there a few minutes, and he did not try to touch or grab her.  (Burian's Dep., pp. 88-90.)  Regarding the second house visit, Burian admitted that it was possible Huffman had been in the neighborhood, and she invited him in for a soft drink (which he declined) and admitted she did not feel threatened by him.

(Burian's Dep., pp. 92-95.)  Regarding the last home visit, Huffman and another department employee visited Plaintiff's house because she had called into work very upset over personal issues.  (Burian's Dep., pp. 100-03.)  Burian admits Huffman and the co-worker helped to comfort her.  (Burian's Dep., pp. 106-08.)

Regarding the furniture delivery, Burian admitted that she did not feel Huffman was harassing her by having the furniture delivered on that day.  (Burian's Dep., pp. 116-17.)  Finally, regarding his visit to Plaintiff's other employment, an inn, Burian admitted that Huffman inquired about the facilities and she did not feel that Huffman was harassing her.  (Burian's Dep., pp. 115-16.)

Even taken as true, the conduct alleged by Burian does not seem severe, humiliating, or physically threatening, nor did it unreasonably interfere with Burian's work performance.  At most, Burian "has described a limited number of incidents that are more reflective of run of the mill uncouth behavior than an atmosphere permeated with ridicule and insult."  *Racicot*, 414 F.3d at 678 (affirming district court's granting of summary judgment on sexual harassment claim).  In sum, the totality of the circumstances Burian has presented does not show harassment sufficiently severe or pervasive to have altered the conditions of her employment. Consequently, summary judgment is warranted in favor of Huffman and the LaPorte County Government on Burian's claim for a hostile environment.

Retaliatory Discharge

Defendant Judge Paul Baldoni asserts two grounds for summary judgment on Plaintiff's claim for discharge in retaliation for submitting a complaint to the LaPorte County Human Resources Department.  First, Judge Baldoni argues he may not be held liable in an individual capacity under Title VII because he is a supervisor, rather than an employer.  Second, Judge Baldoni contends that Plaintiff has not presented sufficient evidence to raise a genuine issue as to Defendant's motivation for Plaintiff's termination so as to establish a prima facie case of retaliation.  Judge Baldoni is correct on both issues.

Supervisors as Defendants Under Title VII

Only employers may be held liable under Title VII.  *Walker v. Mueller Indus.*, 408 F.3d 328, 330 (7th Cir. 2005).  An employer is defined as, "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b).  The Seventh Circuit has held that a supervisor does not fall within Title VII's definition of an employer and cannot be held individually liable.  *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995); *see also EEOC v. AIG Sec. Investigations, Ltd.*, 55 F.3d 1276, 1281-82 (7th Cir. 1995).

Plaintiff's employer was the LaPorte County Government.

-12-

Plaintiff was never employed by Judge Baldoni, if anything Judge Baldoni was one of Plaintiff's supervisors.  Judge Baldoni does not fit the statutory definition of an employer under Title VII and thus, cannot be held liable for Plaintiff's claims.  Summary judgment would be proper in favor of Judge Baldoni on this issue alone, but assuming, *arguendo*, that Judge Baldoni is a proper defendant, Plaintiff's retaliation claim would still fail because Plaintiff has not established a prima facie case under Title VII.

Prima Facie Case of Retaliatory Discharge

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to fail to hire, discharge, or otherwise discriminate against any individual because of the individual's race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-3(a).  Employers are also forbidden from taking adverse employment actions against an employee for opposing impermissible discrimination.  *Id*.  Plaintiff claims that Judge Baldoni and the LaPorte County Government terminated her for making a sexual harassment claim.  For a plaintiff to avoid a summary judgment in favor of the employee on an unlawful retaliation claim, they must make out a prima facie case either directly or indirectly.  *Stone v. City of Indianapolis Pub. Utils. Div.*, 281 F.3d 640, 644 (7th Cir. 2002).

Under the direct method of proof, the plaintiff must show:  1) the plaintiff engaged in a statutorily protected expression; 2) the

-13-

plaintiff suffered an adverse employment action; and 3) a causal link between the plaintiff's expression and the adverse employment action. *Stone*, 281 F.3d at 644. The plaintiff must produce direct evidence that establishes that the plaintiff engaged in a statutorily protected activity that resulted in the complained of adverse employment action. *Id*. When using the direct method of proof, the plaintiff may present either direct or circumstantial evidence to prove their claim. *Rogers v. City of Chicago*, 320 F.3d 748, 753 (7th Cir. 2003). Direct evidence is evidence that would allow the trier of fact to believe the fact in question without making inferences or presumptions. *Id*. Direct evidence is usually limited to situations where the decision-maker admits that his actions were based upon the prohibited animus. *Id*.

On the other hand, circumstantial evidence is evidence that allows the trier of fact to infer that intentional discrimination occurred by the decisionmaker. *Id*. Circumstantial evidence consists of "ambiguous statements, suspicious timing, discrimination against other employees, and other pieces of evidence none conclusive in itself but together composing a convincing mosaic of discrimination against the plaintiff." *Troupe v. May Dep't Stores Co.*, 20 F.3d 734, 737 (7th Cir. 1994). The circumstantial evidence must lead the trier of fact directly to the discriminatory reason for the employment action. *Adams v. Wal-Mart Stores, Inc.*, 324 F.3d 935, 939 (7th Cir. 2003).

It is clear that Burian has not demonstrated that she can make out her claim for retaliatory discharge with direct evidence. Plaintiff has not brought forth evidence of any direct admissions by Judge Baldoni of a retaliatory motive for her discharge, nor has Plaintiff demonstrated any other direct evidence of a retaliatory motive.  Plaintiff has not provided any direct evidence that Judge Baldoni intentionally responded to her sexual harassment claim by terminating her employment.

Plaintiff has pointed to one piece of circumstantial evidence to support her claim.  She has alleged that she was fired the day after she converted her letter about being sexually harassed into a complaint.  (Am. Compl., § IV.)  Although evidence of suspicious timing may be acceptable circumstantial evidence, such evidence by itself is not enough to compose a "convincing mosaic of discrimination" and does not point directly to a conclusion that Judge Baldoni fired Plaintiff in retaliation of her sexual harassment complaint.

Under the indirect method of proof, Plaintiff must establish a prima facie case by demonstrating that:  1) she engaged in a statutorily protected activity; 2) she performed her job according to her employer's legitimate expectations; 3) she suffered a materially adverse employment decision; and 4) she was treated less favorably than other similarly situated employees who did not engage in the statutorily protected activity. *Beamon v. Marshall & Ilsley Trust*

*Co.*, 411 F.3d 854, 861-62 (7th Cir. 2005); *Hilt-Dyson v. City of Chicago*, 282 F.3d 456, 465 (7th Cir. 2002). A failure to establish any of these elements is fatal to the retaliation claim under the indirect method. *Hilt-Dyson*, 282 F.3d at 465.

However, even if a plaintiff is able to make out a prima facie case under the indirect method, only a rebuttable presumption of discrimination is created and the burden of production then shifts to the defendant to present evidence of a legitimate, non-discriminatory reason for the employment decision. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973); *Sitar v. Indiana Dep't of Transp.*, 344 F.3d 720, 728 (7th Cir. 2003). If the employer can come up with such a reason, the burden then shifts back to the plaintiff to demonstrate that the employer's reason was actually pretext for the employer's true motivation for the employment decision. *McDonnell Douglas*, 411 U.S. at 804.

It is not disputed that Plaintiff engaged in a statutorily protected activity when she initiated a sexual harassment complaint against Defendant Huffman. However, the second element of the prima facie case presents a problem for Plaintiff, because she was not performing her job duties in accordance with her employer's reasonable expectations. Plaintiff admits that before she made the sexual harassment complaint against Huffman she was suspended for two days. (Resp. to Mot. for Summ. J, ¶ 7, Burian Dep., p. 157.) Plaintiff had also previously been warned by her employer about raising her voice

-16-

with probationers.  (Burian Dep., pp. 73-74.)  Plaintiff has not disputed that she was disciplined by her employer on more than one occasion before she suffered the materially adverse employment decision.  Additionally, Plaintiff admits that she criticized Huffman regarding the furniture move.

Under the indirect method, Plaintiff has also failed to bring forth sufficient evidence demonstrating that she was treated in a less favorable manner than other similarly situated employees who did not exercise a statutorily protected right.  Plaintiff has not pointed to any evidence in the record demonstrating that any other employees of LaPorte County that did not exercise their statutorily protected right to file a sexual harassment claim, but who were otherwise similarly situated, were treated more favorably than Plaintiff.

To summarize, Plaintiff has not carried her burden of proof establishing the second element of a prima facie case of discrimination because she has not shown that she performed at a level that met her employer's legitimate expectations.  Plaintiff has also not carried her burden of proof in establishing the fourth element of a prima facie case of discrimination because she has not shown that she was treated in a less favorable manner than other similarly situated employees that did not exercise a statutorily protected right.  The Court may grant summary judgment on these bases alone.

Even if Plaintiff had succeeded in establishing a prima facie case of discrimination, the Court could also grant summary judgment

on the grounds that Judge Baldoni offered a legitimate, non-discriminatory reason for Plaintiff's employment discharge - that Plaintiff was terminated for her insubordination because she would not accept Huffman's authority.  The burden then shifts to Plaintiff to demonstrate that the reason proffered by Defendant for the termination is not the real reason for the termination, but is instead a cover-up for discrimination.  *McDonnell Douglas*, 411 U.S. at 804.

Among other things, in order to raise a jury question regarding the credibility of the employer's explanation, the employee can show: "(1) the proffered reasons are factually baseless; (2) the proffered reasons were not the actual motivation for the discharge; or (3) the proffered reasons were insufficient to motivate the discharge." *Koski v. Standex Int'l Corp.*, 307 F.3d 672, 677 (7th Cir. 2002).  Plaintiff has not presented any evidence showing the reason identified by Defendant for her termination (her insubordination), was pretextual in nature.  Plaintiff has not even demonstrated that Judge Baldoni knew of her sexual harassment claim at the time of her discharge.  According to Judge Baldoni, and his testimony is uncontroverted, he does not recall whether he was aware at the time he decided to terminate Burian that she had made allegations of sexual harassment against Huffman in a complaint she had submitted to the LaPorte County Human Resources Department. (Baldoni Decl., ¶ 12.)  As long as Judge Baldoni did not terminate Plaintiff in retaliation for her sexual harassment complaint, Plaintiff does not have a viable claim under

Title VII for retaliation.

Pretext occurs "where the ostensible reason for the employment decision is really a lie contrived to mask unlawful discrimination." *Little v. Illinois Dep't of Revenue*, 369 F.3d 1007, 1012 (7th Cir. 2004). It is not enough to show the decision was "mistaken, ill considered or foolish." *Jordan v. Summers*, 205 F.3d 337, 343 (7th Cir. 2000). When determining if the employer's decision was actually pretext, the court may only consider the honesty of the employer's explanation. *Dyrek v. Garvey*, 334 F.3d 590, 598 (7th Cir. 2003). The court may not consider whether the employer was wrong or unfair in the decision to terminate. *Dvorak v. Mostardi Platt Assocs., Inc.*, 289 F.3d 479, 487 (7th Cir. 2002). The inquiry is whether the employer believed the reasons that it gave for the termination. *Id*.

The proper inquiry in this case then becomes whether Judge Baldoni genuinely believed that Plaintiff was insubordinate when he terminated Plaintiff's employment with LaPorte County Government. The evidence is undisputed that Plaintiff had been insubordinate and had repeatedly been reprimanded for her behavior. In fact, when Plaintiff was terminated, she returned from a period of suspension from her previous insubordinate behavior, only to behave in the same manner again. There is no evidence from which a reasonable trier of fact could conclude Judge Baldoni's proffered reason for Plaintiff's termination was pretextual for a retaliatory purpose. Therefore, Plaintiff's retaliatory discharge claim under Title VII cannot survive

-19-

summary judgment.

CONCLUSION

For the reasons set forth above, Defendant Judge Baldoni's Motion for Summary Judgement is **GRANTED** and Defendants Huffman and LaPorte County Government's Motion for Summary Judgment is also **GRANTED**.  The Clerk is **ORDERED to DISMISS WITH PREJUDICE** Plaintiff's Title VII claims for sexual harassment hostile environment and retaliatory discharge.  The Clerk is **FURTHER ORDERED** to close this case.


**DATED:  November 9, 2005**         /s/RUDY LOZANO, Judge
                                     **United States District Court**